# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ANTHONY CATRON, et al.,**

    **Plaintiffs,**

**v.**                                                                    Case No.: 8:09-CV-0923-T-23EAJ

**CITY OF ST. PETERSBURG,**

    **Defendant.**

_____/

## ORDER

Before the court are Plaintiffs' **Motion for Class Certification** (Dkt. 19), Defendant's **Response** (Dkt. 20), and Plaintiffs' **Reply** (Dkt. 24).[1] Upon consideration, Plaintiffs' motion is denied without prejudice.

## Background

Plaintiffs are a proposed class of the City of St. Petersburg's present and future homeless residents who have been either arrested, cited, or warned for violations of City ordinances banning trespassing on public property, storing belongings on public property, sleeping in or on a right-of-way, and public urination/defecation (Dkt. 19 at 2-3). On May 20, 2009, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief/Class Action (Dkt. 1) against the City under 42 U.S.C. § 1983 for its "anti-homeless policies."[2] Plaintiffs contend that the City has the policy or

---

[1] The District Judge referred this matter to the undersigned for disposition if denied and for issuance of a report and recommendation if granted (Dkt. 21). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

[2] The alleged "anti-homeless policies" include enforcement of the City ordinances as well as stopping homeless people and asking them for identification, searching their possessions, and directing them to leave public areas.

practice of enforcing these ordinances to intimidate and threaten Plaintiffs and putative class members into vacating public areas in the City under the threat of arrest. According to Plaintiffs, these "anti-homeless policies" violate the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and Article One, Section Two of the Florida Constitution.

Plaintiffs ask the court to certify a class pursuant to Rule 23, Fed. R. Civ. P. Defendant opposes the motion.

### **Rule 23, Fed. R. Civ. P.**

"A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1266 (11th Cir. 2009) (citations and internal quotation marks omitted). "For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Rule 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Id. at 1265 (citation and internal quotation marks omitted). Under Rule 23(a), Fed. R. Civ. P., every putative class first must satisfy the prerequisites of "numerosity, commonality, typicality, and adequacy of representation." See id. "The burden of proof to establish the propriety of class certification rests with the advocate of the class." Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003).

Having reviewed the submissions, the court finds that Plaintiffs have not met all the requirements for class certification.

1. Adequacy of Representation

A class may be certified only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy-of-representation requirement

encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1323 (11th Cir. 2008) (citation and internal quotation marks omitted). The determining factor is the "forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan, 221 F.3d 1235, 1253 (11th Cir. 2000) (citation and internal quotation marks omitted).

Plaintiffs' counsel is properly qualified, well-experienced, and able to serve as class counsel.[3] Additionally, there are no apparent conflicts of interest between the named Plaintiffs and the proposed unnamed members of the class, and there is no evidence of significant personal or financial ties that might create a conflict between the named Plaintiffs and counsel. See London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1255 (11th Cir. 2003) (finding personal friendship between class representative and class counsel generated doubt as to adequacy of representation).

Nevertheless, Plaintiffs have failed to show that the named Plaintiffs will adequately prosecute this action. Plaintiffs have presented no evidence indicating that the named Plaintiffs understand the responsibility inherent in potentially representing hundreds of unnamed class members. See Spinelli v. Capital One Bank, No. 8:08-CV-132-T-33EAJ, 2009 WL 700705, at *8 (M.D. Fla. Mar. 14, 2009). Plaintiffs have not established, through affidavits or otherwise, that the named Plaintiffs understand the case and are willing and able to take active roles in the litigation. Cf. Casale v. Kelly, 257 F.R.D. 396, 412-13 (S.D. N.Y. 2009) (holding that homeless named plaintiffs satisfied adequacy of representation requirement because deposition testimony established

---

[3] Defendant does not contest the adequacy of Plaintiffs' counsel to represent the class.

they had a minimal understanding of nature of case); <u>Veal v. Crown Auto Dealerships, Inc.</u>, 236 F.R.D. 572, 578-79 (M.D. Fla. 2006) (finding Rule 23(a)(4), Fed. R. Civ. P., satisfied on basis of named plaintiffs' deposition testimony).

2.  <u>Rule 23(b)(2)</u>

In addition to the requirements of Rule 23(a), Fed. R. Civ. P., the proposed class must meet one of the requirements of Rule 23(b), Fed. R. Civ. P. <u>Murray v. Auslander</u>, 244 F.3d 807, 810 n.3 (11th Cir. 2001). Plaintiffs argue that class certification is appropriate under Rule 23(b)(2), Fed. R. Civ. P., which states that a class action may be maintained if:

> the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Fed. R. Civ. P. 23(b)(2).

However, beyond stating this requirement and noting that Plaintiffs share "a common right to not have their constitutional rights violated" (Dkt. 19 at 6), Plaintiffs do not develop this argument. Thus, Plaintiffs' motion fails for this reason as well. <u>See</u> <u>Valley Drug Co.</u>, 350 F.3d at 1187 (plaintiffs bear burden of proof to establish propriety of class certification).

## <u>Conclusion</u>

At a minimum, Plaintiffs have failed to establish, as required by Rule 23(a)(4), Fed. R. Civ. P., that the proposed named Plaintiffs understand the responsibility inherent in potentially representing up to one thousand unnamed class members. Plaintiffs also provide no evidence that the named Plaintiffs understand the case and are willing to take active roles in the litigation. Additionally, Plaintiffs offer only a conclusory argument under Rule 23(b)(2), Fed. R. Civ. P. Thus, Plaintiffs' **Motion for Class Certification** (Dkt. 19) is **DENIED without prejudice** for failure to

4

satisfy Rule 23, Fed. R. Civ. P.

Plaintiffs may file an amended motion for class certification on or before December 30, 2009. See e.g. Spinelli, 2009 WL 700705, at *8-*9 (denying motion for class certification without prejudice and permitting plaintiffs to amend motion to comply with Rule 23, Fed. R. Civ. P.

**DONE** and **ORDERED** in Tampa, Florida on this 30th day of October, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge