IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY CATRON, CHARLES R. HARGIS,
MICHAEL LILE, FERDINAND LUPPERGER,
JO ANNE REYNOLDS, WILLIAM SHUMATE,
On behalf of themselves and all others similarly
situated

       Plaintiffs,

vs.

                                   Case No. 8:09-CV-00923-EAK-EAJ

CITY OF ST. PETERSBURG

       Defendant.

_____/

### DEFENDANT CITY OF ST. PETERSBURG'S
### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant City of St. Petersburg ("St. Petersburg"), by and through its undersigned

attorney, answers the Complaint filed herein as follows:

### PRELIMINARY STATEMENT

1.     Denied.

2.     Denied.

### JURISDICTION

3.     Admitted for jurisdictional purposes only.

4.     Admitted for jurisdictional purposes only.

### VENUE

5.     Admitted for venue purposes only, otherwise denied.

### NAMED PLAINTIFFS

6.     Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

## DEFENDANT

12. Admitted.

13. Denied.

14. Admitted.

15. Denied.

16. Denied.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs' Motion for Class Certification was denied by Order dated October 30, 2009. Otherwise, denied.

18. Plaintiffs' Motion for Class Certification was denied by Order dated October 30, 2009. Otherwise, denied.

19. Plaintiffs' Motion for Class Certification was denied by Order dated October 30, 2009. Otherwise, denied.

20. Plaintiffs' Motion for Class Certification was denied by Order dated October 30, 2009. Otherwise, denied.

21. Plaintiffs' Motion for Class Certification was denied by Order dated October 30, 2009. Otherwise, denied.

22. Plaintiffs' Motion for Class Certification was denied by Order dated October 30, 2009. Otherwise, denied.

23. Plaintiffs' Motion for Class Certification was denied by Order dated October 30, 2009. Otherwise, denied.

24. Plaintiffs' Motion for Class Certification was denied by Order dated October 30, 2009. Otherwise, denied.

## STATEMENT OF FACTS

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Denied.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41.     Without knowledge, therefore denied.

42.     Without knowledge, therefore denied.

43.     Without knowledge, therefore denied.

**Named Plaintiffs' Allegations**

44.     Without knowledge, therefore denied.

45.     Without knowledge, therefore denied.

46.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

47.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

48.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

49.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

50.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

51.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

52.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

53.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

54.     Denied.

55.     Denied.

56.     Denied.

**Charles Hargis**

57.     Without knowledge, therefore denied.

58.     Without knowledge, therefore denied.

59.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

60.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

61. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

62. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

63. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

64. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

65. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

66. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

67. Denied.

68. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

69.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

70.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

71.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

72.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

73.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

74.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

75.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

76.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

77.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

78.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

79.     Denied.

**Michael Lile**

80.     Without knowledge, therefore denied.

81.     Without knowledge, therefore denied.

82.     Admitted that SPPD officers lawfully arrested Plaintiff Lile on April 25, 2008, otherwise denied.

83.     Without knowledge, therefore denied.

84.     Admitted that SPPD officers lawfully arrested Plaintiff Lile on April 25, 2008, otherwise denied.

85.     Admitted that SPPD officers lawfully arrested Plaintiff Lile on April 25, 2008, otherwise denied.

86.     Without knowledge, therefore denied.

87.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

88.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

89.     Denied.

**Ferdinand Lupperger**

90.     Without knowledge, therefore denied.

91.     Without knowledge, therefore denied.

92.     Without knowledge, therefore denied.

93.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

94.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

95.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

96.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

97.     Without knowledge, therefore denied.

98.     Admitted that SPPD lawfully issued a notice to appear, otherwise denied.

99.     Admitted that SPPD lawfully issued a notice to appear, otherwise denied.

100.    Admitted that SPPD lawfully issued a trespass warning, otherwise denied.

101.    Admitted that SPPD lawfully issued a trespass warning, otherwise denied.

102.    Admitted that SPPD lawfully issued a trespass warning, otherwise denied.

103.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

104.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

105.    Denied.

**Jo Anne Reynolds**

106.    Without knowledge, therefore denied.

107.    Without knowledge, therefore denied.

108.    Without knowledge, therefore denied.

109.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

110.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

111.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

112.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

113.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

114.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

115.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

116.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

117.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

118.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

119.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

120.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

121.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

122.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

123.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

124.    Without knowledge, therefore denied.

**William Shumate**

125.    Without knowledge, therefore denied.

126.    Without knowledge, therefore denied.

127.    Without knowledge, therefore denied.

128. Admitted that SPPD lawfully arrested Plaintiff Shumate on November 1, 2007, otherwise denied.

129. Admitted that SPPD lawfully arrested Plaintiff Shumate on November 1, 2007, otherwise denied.

130. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

131. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

132. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

133. Without knowledge, therefore denied.

134. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

135. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

136. Denied.

**Allegations Regarding the City's Anti-Homeless Policies**

137. Denied.

**Ordinances Restricting Sleeping and Using Temporary Shelter in Right-of-Ways**

138.    Admitted that Defendant enacted Ordinance §§ 20-74, 20-75, and 20-76. Said ordinances speak for themselves and so the remainder of the allegation is denied. Without knowledge as to whether the copy attached to the Complaint is a true and complete copy and therefore denied.

139.    Admitted that Defendant enacted Ordinance § 20-82. Said ordinance speaks for itself and so the remainder of the allegation is denied. Without knowledge as to whether the copy attached to the Complaint is a true and complete copy and therefore denied.

<u>Section 20-74. Sleeping In or On Right-of Way</u>

140.    Admitted that Defendant enacted Ordinance § 20-74. Said ordinance speaks for itself and so the remainder of the allegation is denied.

141.    Admitted that Defendant enacted Ordinance § 20-74. Said ordinance speaks for itself and so the remainder of the allegation is denied.

142.    Admitted that Defendant enacted Ordinance § 20-74. Said ordinance speaks for itself and so the remainder of the allegation is denied.

143.    Admitted that Defendant enacted Ordinance § 20-74. Said ordinance speaks for itself and so the remainder of the allegation is denied.

144.    Admitted that Defendant enacted Ordinance § 20-74. Said ordinance speaks for itself and so the remainder of the allegation is denied.

<u>Section 20-75. Sleeping On Right-of Way Contiguous to Residential Lines</u>

145.    Admitted that Defendant enacted Ordinance § 20-75. Said ordinance speaks for itself and so the remainder of the allegation is denied.

146.    Admitted that Defendant enacted Ordinance § 20-75.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

147.    Admitted that Defendant enacted Ordinance § 20-75.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

148.    Admitted that Defendant enacted Ordinance § 20-75.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

### Section 20-76.  Placement and Use of Temporary Shelters

149.    Admitted that Defendant enacted Ordinance § 20-76.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

150.    Admitted that Defendant enacted Ordinance § 20-76.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

### Section 20-82.  Sleeping, lying or reclining on public rights-of-way

151.    Admitted that Defendant enacted Ordinance § 20-82.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

152.    Admitted that Defendant enacted Ordinance § 20-82.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

153.    Admitted that Defendant enacted Ordinance § 20-82.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

154.    Admitted that Defendant enacted Ordinance § 20-82.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

155.    Admitted that Defendant enacted Ordinance § 20-82.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

156.     Admitted that Defendant enacted Ordinance § 20-82.  Said ordinance speaks for itself and so the remainder of the allegation is denied.

<u>Enforcement of Anti-Sleeping Ordinances</u>

157.     Denied.

158.     Admitted that SPPD Police Chief Chuck Harmon issued a memorandum dated March 12, 2007.  Said memorandum speaks for itself and so the remainder of the allegation is denied.

159.     Admitted that SPPD Police Chief Chuck Harmon issued a memorandum dated March 12, 2007.  Said memorandum speaks for itself and so the remainder of the allegation is denied.

160.     Admitted that SPPD Police Chief Chuck Harmon issued a memorandum dated March 12, 2007.  Said memorandum speaks for itself and so the remainder of the allegation is denied.

161.     Admitted that SPPD Police Chief Chuck Harmon issued a memorandum dated March 12, 2007.  Said memorandum speaks for itself and so the remainder of the allegation is denied.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Without knowledge, therefore denied.

166.     Without knowledge, therefore denied.

167.     Without knowledge, therefore denied.

168.    Admitted that SPPD officers have lawfully arrested or issued notices to appear for violations of Ordinance § 20-82, otherwise denied.

## Ordinance Restricting Outdoor Storage of Property

<u>Section 8-321</u>

169.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

170.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

171.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

172.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

173.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

174.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

175.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

176.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

177.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

178.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

179.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

180.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

181.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

182.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

183.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

<u>Enforcement of Section 8-321</u>

184.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

185.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

186.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

187.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

188.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

189. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

190. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

191. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

192. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

193. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

194. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

195. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

196.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

197.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

198.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

199.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

200.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

201.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

**Laws Prohibiting Trespass**

Section 20-30.  Authorization to issue trespass warnings for public property.

202.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

203. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

204. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

205. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

206. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

207. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

208. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

209. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

210.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

211.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

212.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

213.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

214.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

215.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

216.    This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

217. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

218. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

219. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

220. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

221. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

222. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

223. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

224.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

## Enforcement of Trespass Laws

225.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

226.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

227.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

228.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

229.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

230.     This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

231. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

232. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

233. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

234. This allegation is moot as only Counts 9 and 10 remain following this Court's Order dated November 17, 2009, and this paragraph is not incorporated into either Count 9 or Count 10.

### Laws Prohibiting Public Urination/Defecation

Section 20-123. Public urination/defecation prohibited.

235. Admitted that Defendant enacted Ordinance § 20-123. Said ordinance speaks for itself and so the remainder of the allegation is denied. Without knowledge as to whether the copy attached to the Complaint is a true and complete copy and therefore denied.

236. Admitted that Defendant enacted Ordinance § 20-123. Said ordinance speaks for itself and so the remainder of the allegation is denied.

237. Admitted that Defendant enacted Ordinance § 20-123. Said ordinance speaks for itself and so the remainder of the allegation is denied.

238. Admitted that Defendant enacted Ordinance § 20-123. Said ordinance speaks for itself and so the remainder of the allegation is denied.

239. Admitted that SPPD officers have made lawful arrests and/or citations under Ordinance § 20-123. Otherwise, denied.

<u>Fla. Stat. § 877.03. Breach of the peace; disorderly conduct.</u>

240. Admit the existence of Fla. Stat. § 877.03. Said statute speaks for itself and so the remainder of the allegation is denied. Without knowledge as to whether the copy attached to the Complaint is a true and complete copy and therefore denied.

241. Admitted that SPPD officers have made lawful arrests under Fla. Stat. § 877.03. Otherwise, denied.

<u>Enforcement of Public Urination/Defecation Laws</u>

242. Denied.

243. Admitted that SPPD officers have made lawful arrests under Ordinance § 20-123 and Fla. Stat. § 877.03. Otherwise, denied.

**Unlawful Police Tactics**

244. Denied.

245. Denied.

246. Denied.

247. Denied.

**Municipal Liability**

248. Denied.

249. Without knowledge as to what actions Plaintiffs reference, therefore denied.

250. Without knowledge as to what official policies, practices and/or customs Plaintiffs reference, therefore denied.

251.    Without knowledge as to what official policies, practices and/or customs Plaintiffs reference, therefore denied.

252.    Without knowledge as to what actions Plaintiffs reference, therefore denied.

**Injunctive Relief**

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

**Count 1**
**Section 8-321 is facially unconstitutional in violation of the Due Process**
**Clause 14th Amendment, U.S. Constitution**
**42 U.S.C. § 1983**

257. - 264.    These allegations are moot as Count 1 of the Complaint was dismissed by the Court's Order dated November 17, 2009.

**Count 2**
**Section 8-321 is being applied unconstitutionally**
**in violation of the Due Process Clause**
**14th Amendment, U.S. Constitution**
**42 U.S.C. § 1983**

265. - 271.    These allegations are moot as Count 2 of the Complaint was dismissed by the Court's Order dated November 17, 2009.

**Count 3**
**Section 20-30 is facially unconstitutional**
**in violation of the First Amendment**
**1st Amendment, U.S. Constitution**
**42 U.S.C. § 1983**

272. - 281.    These allegations are moot as Count 3 of the Complaint was dismissed by the Court's Order dated November 17, 2009.

## Count 4
### Section 20-30 is being applied unconstitutionally
### in violation of the Fist Amendment
### 1st Amendment, U.S. Constitution
### 42 U.S.C. § 1983

282. - 287.    These allegations are moot as Count 4 of the Complaint was dismissed

by the Court's Order dated November 17, 2009.

## Count 5
### Section 20-30 is facially unconstitutional
### in violation of the Due Process Clause
### 14th Amendment, U.S. Constitution
### 42 U.S.C. § 1983

288. - 294.    These allegations are moot as Count 5 of the Complaint was dismissed

by the Court's Order dated November 17, 2009.

## Count 6
### Section 20-30 is being applied unconstitutionally
### in violation of the Due Process Clause
### 14th Amendment, U.S. Constitution
### 42 U.S.C. § 1983

295. - 297.    These allegations are moot as Count 6 of the Complaint was dismissed

by the Court's Order dated November 17, 2009.

## Count 7
### Section 20-82 is facially constitutional [sic]
### in violation of the Due Process Clause
### 14th Amendment, U.S. Constitution
### 42 U.S.C. § 1983

298. - 303.    These allegations are moot as Count 7 of the Complaint was dismissed

by the Court's Order dated November 17, 2009.

## Count 8
### Section 20-82 is being applied in an unconstitutional manner
### in violation of the Due Process Clause
### 42 U.S.C. § 1983

304. - 306.     These allegations are moot as Count 8 of the Complaint was dismissed

by the Court's Order dated November 17, 2009.

## Count 9
### Violation of the right to be free from cruel and unusual punishment
### 8th Amendment, U.S. Constitution
### 42 U.S.C. § 1983

307.     Defendant realleges and incorporates by reference as though fully set forth

here the answers in response to Paragraphs 1 through 45; 56; 80-85; 90-91; 97-102; 106-108;

124-129; 137-168; 235-243; 248-56.

308.     Denied.

309.     Denied.

310.     Denied.

## Count 10
### Violation of the right to be free from unreasonable search and seizure
### 4th Amendment, U.S. Constitution
### 42 U.S.C. § 1983

311.     Defendant realleges and incorporates by reference as though fully set forth

here the answers in response to Paragraphs 1 through 45; 54-58; 67; 79; 80-81; 86; 89-92;

105; 125-26; 133; 136-68; 244-256.

312.     Denied.

### Count 11
### Violation of the right to Equal Protection
### 14th Amendment, U.S. Constitution
### 42 U.S.C. § 1983

313.    313. - 316.    These allegations are moot as Count 11 of the Complaint was dismissed by the Court's Order dated November 17, 2009.

### Count 12
### Violation of the right to travel
### 14th Amendment, U.S. Constitution
### 42 U.S.C. § 1983

317. - 322.    These allegations are moot as Count 12 of the Complaint was dismissed by the Court's Order dated November 17, 2009.

### Count 13
### Violation of the right to intrastate travel
### Article I Section 9, Fla. Constitution
### 28 U.S.C. § 1367(a)

323. - 326.    These allegations are moot as Count 11 of the Complaint was dismissed by the Court's Order dated November 17, 2009.

### AFFIRMATIVE DEFENSES

### FIRST

All law enforcement contacts were lawful and were based upon lawful encounters consistent with the 4th Amendment.

### SECOND

There is no policy, practice or custom to violate any groups, including the homeless, 4th Amendment rights.

### THIRD

All cited ordinances are constitutional and thus the enforcement of constitutional ordinances is a valid exercise of police power.

## FOURTH

Plaintiffs fail to state a claim upon which relief can be granted.

## FIFTH

The City is immune from liability for Plaintiffs' claims to the extent the doctrine of qualified immunity applies.

## SIXTH

Plaintiffs do not have standing to bring this action.

## SEVENTH

The Plaintiffs fail to state a claim against the City under *Monell*.

## EIGHTH

The City acted in good faith at all times, and had reasonable grounds for believing that any acts it took did not violate any applicable Federal or State laws.

## NINTH

The City acted in accordance with their authority pursuant to State law.

## TENTH

Plaintiffs' claims are barred to the extent they violated constitutional codes or statutes or laws.

I HEREBY CERTIFY that on November 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Alice K. Nelson, Esquire, at alice.nelson@southernlegal.org; Catherine A. Bendor, Esquire, at cbendor@nlchp.org; Kirsten Clanton, Esquire, at kirsten.clanton@southernlegal.org; Neil Harvey Chonin, Esquire, at neil.chonin@southernlegal.org; Peter Prescott Sleasman, Esquire, at psleasman@filsinc.org; and Tulin Ozdeger, Esquire, at tozdeger@nlchp.org.

JOHN C. WOLFE
CITY ATTORNEY

By:    **s/Joseph P. Patner**
JOSEPH P. PATNER
FBN: 831557
Attorney for Defendants
Assistant City Attorney
P. O. Box 2842
St. Petersburg, Florida 33731
(727) 893-7401, FAX: (727) 892-5262
Joseph.Patner@stpete.org