UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY CATRON, et al.,

    Plaintiffs,

v.                                                CASE NO: 8:09-cv-923-T-23EAJ

CITY OF ST. PETERSBURG,

    Defendant.
_____/

## **ORDER**

On October 30, 2009, United States Magistrate Judge Elizabeth A. Jenkins denied (Doc. 25) without prejudice the plaintiffs' motion for class certification (1) because the plaintiffs failed to establish "that the proposed named [p]laintiffs understand the responsibility inherent in potentially representing up to one thousand unnamed class members," (2) because the plaintiffs failed to establish "that the named [p]laintiffs understand the case and are willing and able to take active roles in the litigation," and (3) because the plaintiffs provided "only a conclusory argument under Rule 23(b)(2)," Federal Rules of Civil Procedure, which permits maintenance of a class action if "the party opposing the class has acted or refused to act on grounds that apply generally to the class . . . ." The plaintiffs move (Doc. 48) again for class certification, and the City responds (Doc. 50) in opposition. Additionally, the plaintiffs move (Doc. 15)

pursuant to Local Rule 3.05[1] for an order designating this case as a track three case, extending the discovery deadline, and expanding the scope of discovery. Pursuant to a case management and scheduling order (Doc. 26), discovery in this case closed on February 15, 2010.

Background

The plaintiffs sue (Doc. 40) for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 ("Section 1983") for a violation of the plaintiffs' rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Section IX, of the Florida Constitution. On June 15, 2009, the City moved (Doc. 11) to dismiss the complaint (Doc. 1). A November 17, 2009, order (Doc. 27) granted in part the City's motion to dismiss and granted the plaintiffs leave to file an amended complaint. The plaintiffs filed an amended complaint (Doc. 40) and the City moved (Doc. 42) to dismiss each count, except counts nine and ten, which allege violations of the Fourth and Eighth Amendments and which the City answered. A March 10, 2010, order (Doc. 53) grants the City's motion (Doc. 42) and dismisses with prejudice counts one, two, three, four, five, six, seven, eight, and eleven of the amended complaint.

---

[1] Local Rule 3.05 defines "track three cases" as "cases involving class action . . . claims . . . or those actions presenting factual or legal issues arising from the presence of multiple parties or multiple claims portending extensive discovery procedures or numerous legal issues such that the management techniques recommended in the current edition of the Manual for Complex Litigation should be considered and applied." Track three cases also include "any action so imminently affecting the public interest . . . as to warrant heightened judicial attention or expedited treatment."

- 2 -

Discussion

*1. The Proposed Class Definition*

"Class membership must be readily identifiable such that a court can determine who is in the class and bound by its ruling without engaging in numerous fact-intensive inquiries." Bakalar v. Vavra, 237 F.R.D. 59, 64 (S.D.N.Y. 2006); see also Casale v. Kelly, 257 F.R.D. 396, 406 (S.D.N.Y. 2009); 7A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE § 1760 (3d ed. 2005) ("[T]he requirement that there be a class will not be deemed satisfied unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member."). Additionally, a "threshold question" is "whether the named plaintiffs have individual standing, in the constitutional sense, to raise certain issues." Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir. 1987); Jones v. Firestone Tire & Rubber Co., Inc., 977 F.2d 527, 531 (11th Cir. 1992).[2] "[E]ach claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." Griffin, 823 F.2d at 1483 (finding that "it is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert."); see also Reyes v. Walt Disney World Co., 176 F.R.D. 654, 656

---

[2] Standing requires (1) that the plaintiff suffer an actual or imminent injury that is "'concrete and particularized'" and not "'conjectural or hypothetical,'" (2) that the injury be "fairly traceable" to the defendant's conduct, and (3) that a favorable decision redress the plaintiff's injury. Northeastern Fla. Chapter, Associated Gen. Contractors of America v. City of Jacksonville, 508 U.S. 656, 663-64 (1993) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

(M.D. Fla. 1998); Strong v. Arkansas Blue Cross & Blue Shield, Inc., 87 F.R.D. 496, 508 (E.D. Ark. 1980).  Accordingly,

> It is not enough that the conduct of which the plaintiff complains will injure someone. The complaining party must also show that he is within the class of persons who will be concretely affected. Nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject.'

Griffin, 823 F.2d at 1483 (quoting Blum v. Yaretsky, 457 U.S. 991, 999 (1982)).

The plaintiffs define the proposed class as "[a]ll persons who (a) are, will be, or have been homeless as defined in paragraph two of the Amended Complaint; (b) reside within the City and (c) are, or would be, subject to one or more of the City's policies, practices[,] or customs challenged by this action."  (Doc. 48)  The plaintiffs define "homeless" as:

> those individuals who at any time since the filing of the complaint in this action have lacked a fixed, regular, and adequate nighttime residence and/or lack the financial resources or have other problems that prevent them from being able to provide their own shelter and other essentials.  This includes individuals who are sharing the housing of other persons due to loss of housing, economic hardship, or similar reasons; are living in motels, hotels, trailer parks, or camping grounds due to the lack of alternative adequate accommodations; are living in emergency or transitional shelters; have a primary nighttime residence that is a public or private place not designed for or ordinarily used as a regular sleeping accommodation for human beings; or are living in cars, parks, public spaces, abandoned buildings, substandard housing, bus or train stations, or similar settings.

In this instance, the plaintiffs' proposed class definition is both overbroad and lacking in precision.  The plaintiffs' definition of "homeless" fails to precisely delineate the people who constitute the class.  For example, the definition includes "individuals who are sharing the housing of other persons due to . . . economic hardship, or similar reasons."

- 4 -

In other words, "homeless" includes any person lacking the economic resources to live alone, which apparently includes anyone, for example, a typical student, without the financial capacity to live either without a roommate or away from the student's family. The definition also defines as "homeless" anyone living in a hotel or a trailer park "due to the lack of alternative adequate accommodations." Although the plaintiffs assume (assuredly without a basis in fact) that neither a "trailer" nor a "mobile home" qualifies as a "home," either a trailer or a mobile home provides more than minimally adequate housing in many circumstances. Defining as "homeless" anyone living in a hotel "due to the lack of alternative adequate accommodations" necessarily requires an exhaustive (and exhausting) factual determination of the reason for a person's selecting a hotel (as some affluent persons might) as a residence. Furthermore, the plaintiffs cannot assert a claim on behalf of a nonexistent member of the class who, at some hypothetical time in the future, "will be" homeless and "would be" subject to any of the City's alleged "policies, practices[,] or customs." See 1 NEWBERG ON CLASS ACTIONS § 3:7 (4th ed. 2002) (noting the exclusion of future class members in some cases because "future members do not exist and have no standing to litigate."); see also Minority Police Officers Ass'n of South Bend v. City of South Bend, 555 F. Supp. 921 (N.D. Ind. 1983), aff'd in part, appeal dismissed in part, 721 F.2d 197 (7th Cir. 1983). In these and other particulars, the plaintiffs' proposed class is not susceptible to certification.

*2. Requirements for Class Certification*

"'A district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class.'" Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1266 (11th Cir.

2009) (Tjoflat, J.).  The plaintiffs bear the burden of establishing that each requirement of Rule 23(a) and at least one requirement of Rule 23(b) is satisfied.  Rutstein v. Avis Rent-A-Car Sys., 211 F.3d 1228, 1233 (11th Cir. 2000).  Rule 23(a) permits class certification only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b) defines each type of permissible class action.  The certification motion in this action relies upon Rule 23(b)(2), which permits class certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief or corresponding declaratory relief is appropriate respecting the class as a whole."

### *3. The Plaintiffs' Amended Motion*

Magistrate Judge Jenkins denied the plaintiffs' first motion for class certification because the plaintiffs provided "only a conclusory argument under Rule 23(b)(2)," Federal Rules of Civil Procedure, which permits maintenance of a class action if "the party opposing the class has acted or refused to act on grounds that apply generally to the class . . . ."  In the plaintiffs' amended motion, the plaintiffs argue that the proposed class "fits squarely within Rule 23(b)(2)" because (1) the plaintiffs "sufficiently allege[] that the City has a policy, custom, or practice of arresting, citing, harassing and otherwise interfering with homeless people for engaging in the ordinary and essential activities of daily life in the public places where [the] [p]laintiffs are forced to live;" (2) the

plaintiffs "allege that the City intentionally targets homeless persons;" and (3) the plaintiffs "seek both declaratory and injunctive relief from the City's unlawful practices." (Doc. 48)  In response, the City argues that the proposed class "lack[s] the cohesiveness and homogeneity required of a (b)(2) class and thus class certification is inappropriate."  (Doc. 50)

"'The very nature of a (b)(2) class is that it is homogeneous without conflicting interests between the members of the class.'"  Holmes v. Continental Can Co., 706 F.2d 1144, 1155 (11th Cir. 1983) (quoting Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 239, 256 (3d Cir. 1975)).  A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Although Rule 23(b)(2) contains no predominance or superiority requirement, compare Rule 23(b)(3), "the class claims must be cohesive."  Barnes v. Am. Tobacco Co., 161 F.3d 127, 143 & n.18 (3d Cir. 1998); Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001). Accordingly,

> At base, the (b)(2) class is distinguished from the (b)(3) class by class cohesiveness . . . .  Injuries remedied through (b)(2) actions are really group, as opposed to individual[,] injuries.  The members of a (b)(2) class are generally bound together through 'pre[-]existing or continuing legal relationships' or by some significant common trait such as race or gender.

Holmes, 706 F.2d at 1155 n.8.  "[J]ust as the presence of a damages claim does not always require insisting that the case proceed under Rule 23(b)(3), so the fact that declaratory or injunctive relief is sought . . . should not automatically entitle the class to

proceed under Rule 23(b)(2)." In re Allstate Ins. Co., 400 F.3d 505, 507-08 (7th Cir. 2005) (Posner, J.).

Contrary to the plaintiffs' assertion, the plaintiffs fail to "sufficiently allege" that the City acted pursuant a "anti-homeless policy."[3] Furthermore, in this instance, the plaintiffs' proposed class lacks the requisite homogeneity and cohesiveness. For example, the proposed class comprises anyone (1) sleeping on a street, (2) sharing a house with a friend or family, (3) living in a hotel, or (4) living in a trailer park. The class includes both an individual with access to a restroom (in a shelter, a motel, or a campground) and an individual without access to a restroom. The class also includes both an individual without access to a storage facility for personal belongings and an individual with access to a facility (such as a shelter, a hotel, a trailer, a vehicle, or a shared home) in which to store personal belongings. As to the proposed class, the plaintiffs fail to show either that the City "acted or refused to act on grounds that apply generally to the class" or that final injunctive relief is appropriate "respecting the class as a whole."

---

[3] See Doc. 27. Although "a court should not determine the merits of a claim at the class certification stage, it is appropriate to 'consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied.'" Heffner v. Blue Cross & Blue Shield of Alabama, 443 F.3d 1330, 1337 (11th Cir. 2006) (Carnes, J.) (quoting Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1188 n.15 (11th Cir. 2003)).

Conclusion

Accordingly, the plaintiffs' amended motion for class certification (Doc. 48) is **DENIED**. Additionally, the plaintiffs' motion (Doc. 15) to re-designate this case pursuant to Local Rule 3.05 is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on March 11, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE