UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND YOUNG,

    Plaintiff,

v.                                            CASE NO. 8:09-cv-923-T-23EAJ

CITY OF ST. PETERSBURG,

    Defendant.
_____/

**<u>ORDER</u>**

      The parties submit a joint motion in accord with a settlement agreement, which was signed for the plaintiffs on August 18, 2012, and signed for the defendant on August 22, 2102, and which is attached to the joint motion. The settlement agreement includes a requirement for payment of fees, a provision for a general release of the defendant and associated persons, and other particulars. The settlement agreement contemplates two quite problematic particulars.

      First, the settlement agreement contemplates a court order "adopting" the settlement "as an order of the court." The settlement agreement includes several provisions that sound like legal or factual conclusions (or both), but none of these (excepting, of course, a matter within the mandate of the circuit court of appeals) is the result of an adjudication. Although the parties may agree to whatever legal and factual conclusion they please, a court arrives at a legal and factual conclusion only by adjudication, a process not subordinate to, or replaced by, the agreement of the

parties.  Additionally, the parties agree that the circuit court has determined that issuance of a trespass warning under §20-30 of the defendant's code "requires procedural due process," but the parties explicitly decline to agree as to whether the "subsequent amendments to §20-30 in 2011 and 2012 comply with procedural due process."  The plaintiff explicitly reserves for himself and others the right to sue with respect to this precise question.  On the other hand, the parties purport to agree to an order that "prohibits [the defendant] from issuing trespass warnings under §20-30 without providing procedural due process."  In other words, the parties agree to an order commanding (or prohibiting) an act that is not only unspecified but is avowedly uncertain and overtly disputed.  No such order can or will issue.  *See* Rule 65(d)(1), Federal Rules of Civil Procedure.

Second (and closely connected to the first), the parties seek a retention of jurisdiction by the district court "to enforce the terms of the settlement agreement." Again, the parties confuse a privately negotiated agreement with, for example, an adjudicated injunction that arises from an exercise of the judicial power.  A privately negotiated settlement agreement is a mere contract that is enforceable by filing a complaint, conducting discovery, and empaneling a jury for a trial.  By virtue of a private settlement agreement a district court does not acquire general, perpetual, summary supervision over a litigant.  This settlement agreement, at which the parties (quite properly) arrived without participation by the court and which the court neither assesses nor approves in any manner, is a simple contract, which is not

enforceable by motion in the district court but which is enforceable by a separate action. The court declines to retain jurisdiction to enforce by motion a privately arranged settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

The plaintiff sued the defendant. The matter is resolved by a combination of adjudication and settlement. Apparently, no case or controversy persists. Although the court can enter a money judgment for the plaintiff and against the defendant for $125,000, deny any pending motion as moot, and enjoin the use by the defendant of a specified form of trespass warning, the balance of the proposed arrangement is **DECLINED** for the reasons stated (and elaborated during a telephone conference today with Ms. Clanton and Mr. Patner, counsel for the respective parties). The joint motion (Doc. 100) is **DENIED**. The parties may submit another proposal within twenty days.

ORDERED in Tampa, Florida, on August 23, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE