UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND YOUNG,

    Plaintiff,

v.                                  Case No: 8:09-CV-923-SDM-EAJ

CITY OF ST. PETERSBURG,

    Defendant.
_____/

### Settlement Agreement

1.  The parties agree, consistent with the Eleventh Circuit Court of Appeals ruling in *Catron v. City of St. Petersburg*, 658 F. 3d 1260 (11th Cir. 2011), that the issuance of a trespass warning for public property as authorized in the version of §20-30 attached to the Amended Complaint (Doc. 40-1 at 25-26) requires procedural due process. The Plaintiffs have legally and factually stated a cause of action in Counts 5 and 6 of the Amended Complaint.

2.  The parties do not reach any agreement as to whether the City's subsequent amendments to §20-30 in 2011 and 2012 comply with procedural due process requirements of the Fourteenth Amendment of the U.S. Constitution. The parties agree that the constitutionality of those amendments are not within the scope of Plaintiff's Amended Complaint. It is the parties' intention that this Settlement Agreement does not prohibit Plaintiff Young or any other individuals from bringing a new lawsuit to challenge §20-30, as amended.

3.  The parties agree that §20-30, as amended in 2011 and 2012, does not

provide for the issuance of a trespass warning from a public sidewalk or right-of-way as defined in §20-30(c), subject to the limitations of §20-30(h), specifically when the right-of-way is closed to pedestrian use when necessary or appropriate.

4.  The parties agree that Defendant is prohibited from issuing trespass warnings under §20-30 without providing procedural due process.

5.  The parties agree to an Order prohibiting Defendant from using the version of the trespass warning form attached to Plaintiff's Amended Complaint. (Doc. 40-1 at 34) (attached). The parties will ask the Court to adopt this provision as part of its Order dismissing the case.

6.  The parties agree that Defendant will pay $125,000 to Plaintiffs' attorneys as full payment of all attorneys' fees, costs, and expenses that Plaintiff incurred in this proceeding and on appeal to the Eleventh Circuit Court of Appeals.

7.  Plaintiff Raymond Young agrees to Release the City of St. Petersburg, agencies, officers and employees from liability in connection with this case upon execution of this Settlement Agreement and entry of the Order dismissing this case, and upon payment of the agreed to amount of attorneys' fees and costs.

Dated: 10/10/12

Joseph P. Patner
Fla. Bar No. 831557
Attorney for Defendant
Assistant City Attorney
P.O. Box 2842
St. Petersburg, Florida 33731
(727) 893-7401
(727) 892-5262 (fax)
Joseph.Patner@stpete.org

Dated: 9-10-2012

Kirsten Clanton, Fla. Bar No. 17179
kirsten.clanton@southernlegal.org
Neil Chonin, Fla. Bar No. 13428
neil.chonin@southernlegal.org
Alice K. Nelson, Fla. Bar No. 211771
alice.nelson@southernlegal.org
Southern Legal Counsel, Inc.
1229 NW 12th Ave.
Gainesville, FL 32601

(352) 271-8890
(352) 271-8347 (fax)

Peter P. Sleasman, Fla. Bar No. 367931
psleasman@filsinc.org
Florida Institutional Legal Services, Inc.
12921 SW 1st Road, Ste. 107, #346
Newberry, FL 32669
(352) 375-2494
(352) 331-5202 (fax)

Karen Cunningham,
D.C. Bar No. 476830
kcunningham@nlchp.org
Heather Maria Johnson,
D.C. Bar No. 986281
hjohnson@nlchp.org
National Law Center on Homelessness &
Poverty
1411 K St., NW, Suite 1400
Washington, D.C. 20005
(202) 638-2535
(202) 628-2737 (fax)

Attorneys for Plaintiff

Instructional Order V.5:32
Attachment B

| St Petersburg Police Department - TRESPASS WARNING (Florida § 810.08 .09 and or C.O. 20-29.30) |||||
|---|---|---|---|---|
| Name: | | Date: || Time: |
| Address: | | City: || State: |
| DOB: | Sex: | Race: | Height: | Weight: |
| Hair: | Eyes: | Other Identifiers: |||

**Violation of State Law or City Ordinance 20-29, Private Property:** You are hereby notified that your presence is no longer welcome for ☐ One (1) year / ☐ permanently on the property/premises described below, unless such prohibition is rescinded in writing by the property owner/agent.

**Violation of City Ordinance 20-30, Municipal Property:** You are hereby notified that your presence is no longer welcome for ☐ One (1) year / ☐ Two (2) years on the property/premises described below, unless such prohibition is rescinded in writing by the City official having control over the premises.

If after this warning is issued, you are found on said property in violation of State Statute or City Ordinance, you will be subject to arrest.
Note: Issuing officer must specifically describe the premises/property the subject is being trespassed from:

| Issuing Officer: | Incident #: | Property Owner/Agent (Print): _____ Signature: |
|---|---|---|
| Payroll #: | Report #: | Title: |
| Trespasser Acknowledgement: || Contact Address: |
| SPPD -04-047-11/23/2005 (Rev 1) || Distribution: Original to Records, pink copy to complainant and yellow copy to trespasser |

*Trespass Warning - front*

[Trespass Warning back - Florida State Statutes (in Part), printed sideways, largely illegible; references include unenclosed curtilage, dwelling, structure or conveyance; designated construction site; commercial horticulture property posted with signage "THIS AREA IS A DESIGNATED COMMERCIAL PROPERTY FOR HORTICULTURE PRODUCTS, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY"; definitions of "person authorized"]

*Trespass Warning - back*

7